**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 09-cv-00715-WJM-MJW

A.B. a minor, through her parent and next friend, B.S., and
B.S., individually,

    Plaintiffs,

v.

ADAMS-ARAPAHOE 28J SCHOOL DISTRICT;
AURORA PUBLIC SCHOOLS BOARD OF EDUCATION;
JOHN L. BARRY, Superintendent, in his individual and official capacity;
LAURA MUNRO, Director, Exceptional Student Services, in her individual and official capacity;
BARBARA RICE, Elementary/Preschool Consultant in her individual and official capacity;
JEAN BURKE, Principal, in her individual and official capacity;
VICKI MICHAELS, Special Education Teacher, in her individual and official capacity;
JANE DOES #1 AND #2, Paraprofessionals, in their individual and official capacities,

    Defendants.

---

**ORDER**

---

This case is before the Court on the following six motions: (1) Defendant Trowbridge's Motion for Sanctions Pursuant to Rule 11;[1] (2) Trowbridge's Second Motion for Summary Judgment;[2] (3) Plaintiffs' Motion to Strike Trowbridge's Second Motion for Summary Judgment;[3] (4) Plaintiffs' Unopposed Motion for Extension of Time

---

[1] (ECF No. 101.)

[2] (ECF No. 123.)

[3] (ECF No. 126.)

1

to Respond to Trowbridge's Second Motion for Summary Judgment;[4] (5) Plaintiffs' Motion to Exclude Testimony of Dr. Thomas Reiley;[5] and (6) Defendants' Motion to Strike Plaintiffs' Motion to Exclude Testimony of Dr. Thomas Reiley.[6]  The Court considers each in turn.

## I. DISCUSSION

**A.    Defendant Trowbridge's Motion for Sanctions Pursuant to Rule 11**

In the first motion, Defendant Trowbridge moves for sanctions against Plaintiffs under FED. R. CIV. P. 11(c)(2).  She seeks an award of attorneys' fees and costs because, as she states,

> In this case, Plaintiffs made no specific factual contentions against Defendant Trowbridge.  Additionally, Plaintiffs have developed no specific factual contentions against Defendant Trowbridge, despite having conducted considerable investigation and discovery.  And yet, in spite of that complete absence of any factual contentions of wrongdoing against Defendant Trowbridge, Plaintiffs stubbornly refuse to dismiss their claims against her.[7]

The Court is not persuaded.  Based on these assertions—heavy on accusation but light on citation—the Court is not convinced it should impose sanctions against Plaintiffs.  Accordingly, the Court denies this motion.

**B.    Trowbridge's Second Motion for Summary Judgment, Plaintiffs' Motion to Strike Trowbridge's Second Motion for Summary Judgment, and Plaintiffs' Unopposed Motion for Extension of Time to Respond to Trowbridge's Second Motion for Summary Judgment**

---

[4](ECF No. 128.)

[5](ECF No. 165.)

[6](ECF No. 168.)

[7](ECF No. 101.)

The next set of motions the Court considers also involve Defendant Trowbridge. On May 7, 2010, Trowbridge filed a Motion for Summary Judgment.[8] Over five months later, on October 14, 2010, Trowbridge filed her Second Motion for Summary Judgment.[9] Plaintiffs responded with two motions: a Motion to Strike Trowbridge's Second Motion for Summary Judgment[10] and an Unopposed Motion for Extension of Time to Respond to the Trowbridge's Second Motion for Summary Judgment.[11]

In their Motion to Strike, Plaintiffs argue, among other things, that Trowbridge's Second Motion for Summary Judgment was filed after the deadline in the Scheduling Order and, thus, should be stricken.[12] The Court agrees. Pursuant to the Court's Scheduling Order, the deadline to file dispositive motions was May 17, 2010.[13] Trowbridge's Second Motion for Summary Judgement was filed almost five months after this deadline. Moreover, Trowbridge did not seek leave of Court to file this motion late. Accordingly, because this motion was filed in violation of the dispositive motion deadline and without leave of Court, the Court grants Plaintiffs' Motion to Strike and, thus, strikes Trowbridge's Second Motion for Summary Judgment. The Court denies Plaintiffs' Unopposed Motion for Extension of Time as moot.

---

[8](ECF No. 74.)

[9](ECF No. 123.)

[10](ECF No. 126.)

[11](ECF No. 128.)

[12](ECF No. 126 ¶¶ 4-5.)

[13](ECF No. 40 at 14.)

**C.    Plaintiffs' Motion to Exclude Testimony of Dr. Thomas Reiley and Defendants' Motion to Strike Plaintiffs' Motion to Exclude Testimony of Dr. Thomas Reiley**

Finally, the Court considers Plaintiffs' Motion to Exclude Testimony of Dr. Thomas Reiley[14] and Defendants' Motion to Strike Plaintiffs' Motion to Exclude Testimony of Dr. Thomas Reiley.[15]

On February 24, 2011, the Court ordered, among other things, that the parties file Rule 702 motions by March 18, 2011.[16] On March 11, 2011, Defendants timely filed a Rule 702 motion to exclude the testimony of Plaintiffs' proposed expert, Dr. Helena Huckabee.[17] Plaintiffs did not file a timely Rule 702 motion. Instead, two weeks after the Court's deadline, on April 1, 2011, Plaintiffs filed their Rule 702 motion to exclude the testimony of Defendants' proposed expert, Dr. Thomas Reiley. Plaintiffs did not seek leave of court to file this motion late, nor did they file a motion seeking clarification of the Court's deadline.

Plaintiffs' late filing prompted Defendants' Motion to Strike. The Court agrees with Defendants and concludes that, because Plaintiffs' Motion to Exclude Testimony of Dr. Thomas Reiley was filed in violation of the Court's Order and without leave of Court, it must be stricken. Accordingly, the Court grants Defendants' Motion to Strike and,

---

[14](ECF No. 165.)

[15](ECF No. 168.)

[16](ECF No. 160.)

[17]Two defendants, Trowbridge and Michaels, timely joined this motion. (*See* ECF Nos. 162-163.) This motion is not addressed by this Order and remains under consideration by the Court.

thus, strikes Plaintiffs' Motion to Exclude Testimony of Dr. Thomas Reiley.

## II. CONCLUSION

Accordingly, the Court ORDERS:

- That Defendant Trowbridge's Motion for Sanctions Pursuant to Rule 11 (ECF No. 101) is DENIED.

- That Plaintiffs' Motion to Strike Trowbridge's Second Motion for Summary Judgment (ECF No. 126) is GRANTED and, thus, that Defendant Trowbridge's Second Motion for Summary Judgment (ECF No. 123) is STRICKEN.

- That Plaintiffs' Unopposed Motion for Extension of Time to Respond to Defendant Trowbridge's Second Motion for Summary Judgment (ECF No. 128) is DENIED AS MOOT.

- That Defendants' Motion to Strike Plaintiffs' Motion to Exclude Testimony of Dr. Thomas Reiley (ECF No. 168) is GRANTED and, thus, that Plaintiffs' Motion to Exclude Testimony of Dr. Thomas Reiley (ECF No. 165) is STRICKEN.

Dated this 29th day of April, 2011.

BY THE COURT:

William J. Martinez
United States District Judge